**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Roel Antonio Valenzuela,

Defendant.

No. CR-23-00571-001-TUC-SHR (JR)

**ORDER**

Pending before the Court is Defendant Roel Antonio Valenzuela's Motion to Recall Warrant, Issue Summons, and Set Violation Hearing (Doc. 63). The Court previously directed the United States to respond and directed defense counsel to clarify whether she continued to represent Defendant and whether she adopted or intended to supplement his Motion. (Doc. 64.) Counsel filed a notice on November 6, 2026 (Doc. 65), and the United States filed its response on November 10, 2026 (Doc. 66). Having considered those filings, the Court will deny the Motion without prejudice.

**I. Background**

On August 23, 2024, the Court sentenced Defendant to concurrent terms of 37 months' imprisonment, followed by concurrent terms of three years' supervised release, for assault on a federal officer and transportation of illegal aliens for profit. (Doc. 60.) After Defendant's release from imprisonment and commencement of supervised release, U.S. Probation filed a petition to revoke his supervised release based on alleged violations

of his supervision conditions. (Doc. 61.) Specifically, the revocation petition alleges unlawful controlled-substance use, failure to report as directed, and failure to participate in substance-abuse treatment. (*Id.*) U.S. Probation recommended an arrest warrant because Defendant's whereabouts were unknown and because of concerns regarding his likelihood of appearing by summons, flight risk, and danger. (*Id.*) The Court issued a warrant. (Doc. 62.) Defendant subsequently moved to recall that warrant, permit his appearance by summons, and schedule an initial appearance and violation hearing. (Doc. 63.)

The additional filings establish Defendant is currently confined in the Maricopa County Jail pursuant to a state-court disposition. (Doc. 65.) The state sentencing order attached to counsel's notice reflects misdemeanor convictions for resisting arrest by passive resistance and disorderly conduct involving language or gestures. (*Id.* at 6.) That order imposes three-year terms of supervised probation beginning August 27, 2026, and, as a condition of probation on the disorderly-conduct count, four months in the county jail, with a scheduled release date of December 27, 2026, subject to a provision permitting earlier release directly into an approved inpatient treatment program. (*Id.* at 7.) The United States reports the federal warrant remains outstanding and unexecuted, Defendant is subject to a federal detainer, and no initial appearance or revocation hearing has been scheduled. (Doc. 66.) It further reports U.S. Probation has not altered its recommendation the warrant remain active. (*Id.*)

## II. Discussion

Under 18 U.S.C. § 3606, a court may issue an arrest warrant upon probable cause to believe a person on supervised release has violated a condition of release. The Court has considered Defendant's declaration stating he is willing to appear voluntarily, comply with conditions, and submit to the Court's jurisdiction.[1] (Doc. 63 at 2.) Although Federal Rule of Criminal Procedure 32.1 contemplates proceedings initiated by summons, it does not require a court to substitute a summons for an existing warrant upon a defendant's

[1] Contrary to the United States' characterization of these statements as "unsworn assertions" (Doc. 66 at 2), Defendant's declaration expressly states it was made under penalty of perjury. (Doc. 63 at 2.)

expression of willingness to appear voluntarily.

Moreover, the declaration does not sufficiently address the concerns underlying issuance of the warrant. Defendant does not explain the alleged failure to report or failure to participate in treatment, nor does he identify arrangements that adequately address compliance and appearance following his release from state custody. Although Defendant's custodial location is now known, that change does not resolve the concerns arising from the alleged supervision violations. The Court therefore finds no sufficient basis to recall the warrant or replace it with a summons.

As to Defendant's request for an initial appearance and violation hearing, Defendant is serving a state jail term, and the federal warrant has not been executed. *See* Fed. R. Crim. P. 32.1(a)(1), (b)(2). His present confinement on the state sentence and the existence of the federal detainer therefore do not require an immediate initial appearance or revocation hearing. *See Moody v. Daggett*, 429 U.S. 78, 84 (1976); *United States v. Garrett*, 253 F.3d 443, 447 (9th Cir. 2001).

Finally, counsel's notice confirms her reappointment but states she lacked knowledge of a pending supervised-release revocation matter. (Doc. 65 at 2.) Because the Petition to Revoke Supervised Release and arrest warrant have already been filed as Docs. 61 and 62, the Court will direct the Clerk to ensure counsel has access to those materials.

## III. Conclusion

**IT IS ORDERED**:

1. Defendant's Motion to Recall Warrant, Issue Summons, and Set Violation Hearing (Doc. 63) is **DENIED WITHOUT PREJUDICE**. The outstanding federal arrest warrant shall remain in effect.
2. The Clerk of Court shall ensure appointed defense counsel has access to the Petition to Revoke Supervised Release (Doc. 61) and arrest warrant (Doc. 62).

. . . .

. . . .

. . . .

3. The Clerk of Court shall provide a copy of this Order to counsel of record, U.S. Probation, the United States Marshals Service, and Defendant at his current custodial address.

Dated this 16th day of November, 2026.

Honorable Scott H. Rash
United States District Judge